**ATTACHMENT B**

| | |
|---|---|
| **SUBCONTRACT PERFORMANCE BOND** | **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**<br>Hartford, Connecticut  06183 |

| | |
|---|---|
| Bond No.: 107389012 | February 26, 2021 |

KNOW ALL BY THESE PRESENTS, That we, Flawless Walls LLC, called the Principal, and Travelers Casualty and Surety Company of America, a Connecticut corporation, called the Surety, are held and firmly bound unto Jackson Contractor Group Inc, called the Obligee, in the sum of Six Hundred Eighteen Thousand Eight Hundred Ninety Seven and No/100 Dollars ($618,897.00) for the payment whereof said Principal and Surety bind themselves, jointly and severally, as provided herein.

WHEREAS, the Principal has entered into a subcontract with the Obligee, dated 09/10/2020, for Pre Fabricate Interior & Exterior Wood Walls and Floor Systems With Install ("Subcontract").

NOW, THEREFORE, the condition of this obligation is such that if the Principal shall perform the Construction Work to be done under the Subcontract, then this obligation shall be null and void; otherwise to remain in full force and effect.  The Surety's obligations hereunder shall not arise unless Principal is in default under the Subcontract for failing to perform the Construction Work, and has been declared by Obligee to be in default under the Subcontract for failing to perform the Construction Work; and Obligee has performed its obligations under the Subcontract.  In such event, Surety shall have a reasonable period of time:

    1.    Upon entering into an acceptable written takeover agreement with Obligee, undertake to perform and complete the Construction Work to be done under the Subcontract; or

    2.    Obtain bids or negotiated proposals from qualified contractors for a contract for completion of the Construction Work to be done under the Subcontract, arrange for a contract to be prepared for execution by the Obligee and the contractor, to be secured with performance and payment bonds executed by a qualified surety; or

    3.    Waive its right to perform or complete the Construction Work pursuant to paragraphs 1 and 2 above, and with reasonable promptness under the circumstances: (a) After investigation, determine the amount for which it may be liable to the Obligee and, as soon as practicable after the amount is determined, tender payment therefor to the Obligee; or (b) Deny liability in whole or in part and notify the Obligee citing reasons therefor.

    4.    The Subcontract balance, as defined below, shall be credited against the reasonable cost of completing the Construction Work to be performed under the Subcontract.  If completed by the Obligee pursuant to paragraphs 2 or 3 above, and the reasonable cost exceeds the Subcontract balance, the Surety shall pay to the Obligee such excess, but in no event shall the aggregate liability of the Surety exceed the amount of this bond.  If the Surety completes the work pursuant to paragraph 1 above, that portion of the Subcontract balance as may be required to complete the Construction Work to be done under the Subcontract and to reimburse the Surety for its outlays shall be paid to the Surety at the times and in the manner as said sums would have been payable to Principal had there been no default under the Subcontract; provided, however, that to the extent that the Surety's outlays exceed the Subcontract balance paid to Surety by Obligee, the Surety shall be entitled to a dollar for dollar reduction of its liability under this bond, and the Surety's aggregate liability shall not exceed the penal sum of this bond.  The term "Subcontract balance," as used herein shall mean the total amount payable by Obligee under the Subcontract and any amendments thereto, less the amounts heretofore properly paid by Obligee to the Principal under the Subcontract.  The term "Construction Work" as used herein shall mean the providing of all labor and/or material necessary to complete Principal's scope of work under the Subcontract. Notwithstanding any language in the Subcontract to the contrary, the Subcontract balance shall not be reduced or set off on account of any obligation, contractual or otherwise, except the reasonable construction cost incurred in completing the Construction Work.

**ATTACHMENT B**

      5.    Any suit by the Obligee under this bond must be instituted before the earlier of: (a) the expiration of one year from the date of substantial completion of the Construction Work, or (b) one year after the Principal ceased performing the Construction Work under the Subcontract, excluding warranty claims. If the limitation set forth in this bond is void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable, and said period of limitation shall be deemed to have accrued and shall commence to run no later than (y) the date of substantial completion of the Construction Work or (z) the date the Principal ceased performing Construction Work, excluding warranty work, whichever occurs first.

      6.    No suit or action shall be commenced hereunder other than in a court of competent jurisdiction in the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

Signed this 26th day of February, 2021.



Flawless Walls LLC
                (Principal)

By: _____
    Mike Bradley

Travelers Casualty and Surety Company of America

By: *Melanie Davis* (signature)
    Melanie Davis, Attorney-in-Fact

**ATTACHMENT B**



| Travelers Casualty and Surety Company of America |
| Travelers Casualty and Surety Company |
| St. Paul Fire and Marine Insurance Company |

## POWER OF ATTORNEY

**KNOW ALL MEN BY THESE PRESENTS**: That Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company are corporations duly organized under the laws of the State of Connecticut (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint **Melanie Davis** of **SPOKANE**, **Washington**, their true and lawful Attorney-in-Fact to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF**, the Companies have caused this instrument to be signed, and their corporate seals to be hereto affixed, this **17th** day of **January, 2019**.

  

State of Connecticut

City of Hartford ss.

By: _____
Robert L. Raney, Senior Vice President

On this the **17th** day of **January, 2019**, before me personally appeared **Robert L. Raney**, who acknowledged himself to be the Senior Vice President of Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of said Companies by himself as a duly authorized officer.

**IN WITNESS WHEREOF**, I hereunto set my hand and official seal.

My Commission expires the **30th** day of **June, 2021**

_____
Anna P. Nowik, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED**, that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED**, that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, **Kevin E. Hughes**, the undersigned, Assistant Secretary of Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which remains in full force and effect.

Dated this **26th** day of **February, 2021**.

  

_____
Kevin E. Hughes, Assistant Secretary

*To verify the authenticity of this Power of Attorney, please call us at 1-800-421-3880.*
*Please refer to the above-named Attorney-in-Fact and the details of the bond to which this Power of Attorney is attached.*

41

**ATTACHMENT B**

| | |
|---|---|
| **SUBCONTRACTOR PAYMENT BOND**<br>(Public & Private Work) | **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**<br>Hartford, Connecticut  06183 |

---

Bond No.: 107389012                                                                                                                  February 26, 2021

KNOW ALL BY THESE PRESENTS, That we, Flawless Walls LLC,  called  the  Principal,  and Travelers Casualty and Surety Company of America, a Connecticut corporation, called the Surety, are held and firmly bound unto Jackson Contractor Group Inc, called the Obligee, in the sum of Six Hundred Eighteen Thousand Eight Hundred Ninety Seven and No/100 U.S. Dollars ($618,897.00,) for the payment whereof said Principal and Surety bind themselves, jointly and severally, as provided herein.

WHEREAS, the Principal has entered into a contract with the Obligee, dated 09/10/2021, for Pre Fabricate Interior & Exterior Wood Walls and Floor Systems With Install ("Subcontract").

NOW, THEREFORE, the condition of this obligation is such that if the Principal shall promptly make payment to all Claimants as hereinafter defined for all labor and material used, consumed or incorporated in the performance of the construction work to be performed under the Subcontract, then this obligation shall be void; otherwise to remain in full force and effect, subject, however, to the following conditions:

      1.    A Claimant is defined as one other than the Obligee having a contract with the Principal or with a direct subcontractor of the Principal to supply labor and/or materials and said labor and/or materials are actually used, consumed or incorporated in the performance of the construction work under the Subcontract.

      2.    The above-named Principal and Surety hereby jointly and severally agree with the Obligee that every Claimant as herein defined who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such Claimant's work or labor was done or performed or materials were furnished by such Claimant, may bring suit on this bond, prosecute the suit to final judgment for the amount due under Claimant's contract for the labor and/or materials supplied by the Claimant which were used, consumed or incorporated in the performance of the work, and have execution thereon; provided, however, that a Claimant having a direct contractual relationship with a subcontractor of the Principal shall have a right of action on this bond only if said Claimant notifies the Surety in writing of its claim within ninety (90) days from the date on which said Claimant did or performed the last labor and/or materials for which the claim is made.  The Obligee shall not be liable for the payment of any costs or expenses of any such suit.

      3.    No suit or action shall be commenced hereunder by any Claimant:

    a.    After the expiration of the earlier of: (1) one year after the day on which the Claimant last supplied the labor and/or materials for which the claim is made; or (2) the limitation period set forth in the public works bond statutes, if any, in the location where the construction work is being performed.  Any limitation contained in this bond which is prohibited by any law controlling in the state where the suit is filed shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by the law of that state, and said period of limitation shall be deemed to have accrued and shall commence to run on the day the Claimant last supplied the labor and/or materials for which the claim is made; and

    b.    Other than in a state court of competent jurisdiction in the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

**ATTACHMENT B**

4.    The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder. The Surety's liability hereunder is limited, singly, or in the aggregate, to the penal sum of the bond set forth herein.

Signed this 26th day of February 2021.



Flawless Walls LLC
                (Principal)

By: _____
Mike Bradley

Travelers Casualty and Surety Company of America

By: *Melanie Davis* (signature)
Melanie Davis, Attorney-in-Fact

**ATTACHMENT B**



| Travelers Casualty and Surety Company of America |
| Travelers Casualty and Surety Company |
| St. Paul Fire and Marine Insurance Company |

**POWER OF ATTORNEY**

**KNOW ALL MEN BY THESE PRESENTS**: That Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company are corporations duly organized under the laws of the State of Connecticut (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint **Melanie Davis** of **SPOKANE**, **Washington**, their true and lawful Attorney-in-Fact to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF**, the Companies have caused this instrument to be signed, and their corporate seals to be hereto affixed, this **17th** day of **January, 2019**.

  

State of Connecticut

By: _____
Robert L. Raney, Senior Vice President

City of Hartford ss.

On this the **17th** day of **January, 2019**, before me personally appeared **Robert L. Raney**, who acknowledged himself to be the Senior Vice President of Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of said Companies by himself as a duly authorized officer.

**IN WITNESS WHEREOF**, I hereunto set my hand and official seal.

My Commission expires the **30th** day of **June, 2021**

_____
Anna P. Nowik, Notary Public

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED**, that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED**, that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED**, that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or understanding to which it is attached.

I, **Kevin E. Hughes**, the undersigned, Assistant Secretary of Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and St. Paul Fire and Marine Insurance Company, do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which remains in full force and effect.

Dated this **26th** day of **February, 2021**.

  

_____
Kevin E. Hughes, Assistant Secretary

*To verify the authenticity of this Power of Attorney, please call us at 1-800-421-3880.*
*Please refer to the above-named Attorney-in-Fact and the details of the bond to which this Power of Attorney is attached.*

44