UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACKSON CONTRACTOR GROUP, INC., a Montana Corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>　　　　　　　　　Defendant. | NO. 2:22-CV-0178-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE |

BEFORE THE COURT is Defendant's Motion to Dismiss or Transfer Venue (ECF No. 9). This matter was submitted for consideration with oral argument. However, the Court has determined oral argument is unnecessary. LCivR 7(i)(3)(B)(iii). The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss or Transfer Venue (ECF No. 9) is **denied**.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR
TRANSFER VENUE ~ 1

# BACKGROUND

This case concerns bonds made regarding the construction of the new Schweitzer Mountain Hotel and Resort in Idaho. ECF No. 1. On July 26, 2022, Plaintiff filed the Complaint for breach of contract, breach of good faith and fair dealing, and a claim for damages under a performance bond. *Id.*

On August 1, 2022, Defendant filed the present Motion to Dismiss or Transfer Venue. ECF No. 9. The parties timely filed their respective response and reply. ECF Nos. 12, 13. The following facts are drawn from Plaintiffs' complaint, which are accepted as true for the purposes of the present motion. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

Plaintiff Jackson Contractor Group, Inc. ("Jackson") is a Montana corporation that is licensed as a general contractor in Washington. ECF No. 1 at 2, ¶ 1. Defendant Travelers Casualty and Surety Company of America ("Travelers") is a Connecticut corporation licensed for insurance in Washington. *Id.*, ¶ 2.

Jackson entered into a contract with Schweitzer Mountain Properties, LLC to develop the new Schweitzer Mountain Hotel and Resort ("Project"). *Id.* at 3, ¶ 6. On February 9, 2021, Jackson executed a Subcontract Agreement with Flawless Walls, LLC ("Flawless") to perform work on the Project. *Id.*, ¶ 7. In turn, Flawless obtained a Payment Bond and a Performance Bond ("Bonds") from

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE ~ 2

Travelers covering Flawless' payment and performance of the subcontract work on the Project in the amount of $618,187. *Id.*, ¶ 9.

On May 11, 2021, Jackson provided Flawless with a Notice of Supplementation pursuant to Article R of the Subcontract due to Flawless' inability to meet the Project schedule. *Id.* at 4, ¶ 14. On or about August 26, 2021, Flawless notified Jackson that it was going out of business and ceased all work on the Project. *Id.* at 5, ¶ 16. Jackson provided Flawless with demands for payment. *Id.*, ¶¶ 17, 18. Flawless failed to perform the work under the Subcontract and failed to reimburse Jackson for the supplementation. *Id.*, ¶ 19.

On March 25, 2022, Jackson sent a demand for payment under the Bonds to Travelers. *Id.*, ¶ 20. On April 25, 2022, Travelers notified Jackson that it refused to make payment under the Bonds. *Id.* at 6, ¶¶ 21. To date, Travelers has failed to make any payments to Jackson for amounts owed under the Subcontract in excess of $700,000 plus interest, attorney fees, and costs. *Id.*, ¶¶ 22, 24.

## DISCUSSION

### I. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR
TRANSFER VENUE ~ 3

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences … to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and judicial notice.  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).  Here, the parties do not dispute that the contracts are incorporated into the complaint by reference.  *See* ECF No. 1.

## II. The Bonds

Defendant moves to dismiss the Complaint based on the Bonds' forum selection clauses setting jurisdiction in Idaho.  ECF No. 9 at 4-6.  Plaintiff asserts the forum selection clauses are void *ab initio* under Washington's insurance law and Plaintiff is not bound as a mere obligee of the Bonds.  ECF No. 12 at 5-9.

A federal court sitting in diversity applies the forum state law, here Washington, to determine the validity of a forum-selection clause.  *DePuy Synthes*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE ~ 4

1 *Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 963-64 (9th Cir. 2022). As relevant here, bonds are "in the nature" of insurance contracts that create a tripartite relationship between the surety, principal, and obligee. *Colorado Structures, Inc. v. Ins. Co. of the W.*, 161 Wash. 2d 577, 586 (2007); *Caskey v. Old Republic Sur. Co.*, 21 Wash. App. 2d 295, 301, *review denied*, 200 Wash. 2d 1002 (2022).

In Washington, "no insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement … depriving the courts of this state of the jurisdiction of action against the insurer." RCW 48.18.200(1)(b). This statute protects "the right of policyholders to bring an original action against the insurer in the courts of [Washington]." *State, Dep't of Transp. v. James River Ins. Co.*, 176 Wash. 2d 390, 396 (2013) (internal quotations omitted). Courts have found insurance contract forum selection clauses that deprive Washington courts of jurisdiction void *ab initio* under this statute. *See Nat'l Frozen Foods Corp. v Berkley Assurance Co.*, No. C17-339 RSM, 2017 WL 3781706, at *4 (W.D. Wash. Aug. 31, 2017); *Jorgenson Forge Corp. v. Illinois Union Ins. Co.*, No. 2:13-CV-01458-BJR, 2014 WL 12103362, at *3 (W.D. Wash. June 17, 2014).

Defendant asserts RCW 48.18.200 does not apply on the grounds that "the Bonds do not cover subjects located, resident, or to be performed in this state …

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE ~ 5

the Bonds regarded the Project, which took place in Idaho, and bound Travelers and Flawless Walls LLC to the Obligee, Jackson – a Montana corporation." ECF No. 13 at 6. Plaintiff cherry picks out-of-state ties. The bonds were signed by Travelers' attorney-in-fact in Spokane, Washington. ECF No. 1-2 at 2-3, 5-6. While incorporated elsewhere, both parties are "located" in Washington and Flawless Walls is a Washington LLC. ECF Nos. 1 at 2, ¶¶ 1, 2; 1-1 at 1. Moreover, under the terms of the subcontract, work on the Project was partially to be performed in Washington. ECF No. 1-1 at 7, ¶ (1)(d).

The Court finds the bonds, as insurance contracts, were delivered or issued for delivery in Washington and covered subjects located, resident, or to be performed in Washington. RCW 48.18.200(1). As a result, the forum selection clauses vesting exclusive jurisdiction in Idaho are void *ab initio* in depriving this Court jurisdiction of the action made against Travelers. RCW 48.18.200(1)(b). Therefore, Defendant's Motion to Dismiss is denied.

### III. Forum Non Conveniens

Under a traditional analysis, a party moving to dismiss or transfer based on *forum non conveniens* bears the burden of showing (1) there is an adequate alternative forum, and (2) that the balance of private and public interest factors favor dismissal. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 948 (9th Cir. 2017). The Supreme Court altered the traditional *forum non conveniens* analysis where

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE ~ 6

courts are to give a plaintiff's choice forum no merit and give no consideration to private interests in the event there is a valid forum selection clause. *Atl. Marine*, 571 U.S. at 60-61. Finding the forum selection clauses void, the Court proceeds to apply the traditional *forum non conveniens* analysis.

### A. Adequate Alternative Forum

A forum is an adequate alternative if a defendant is amenable to process in that forum and the forum offers a satisfactory remedy to the plaintiff. *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1225 (9th Cir. 2011). In requesting transfer to the U.S. District Court for the District of Idaho in the event the Court finds this is not an appropriate venue, Plaintiff appears to concede that Idaho is an adequate alternative forum. Therefore, this factor is met.

### B. Private and Public Interest Factors

Private interest factors include the residence of the parties and witnesses, the forum's convenience for the parties, access to evidence, whether unwilling witnesses can be compelled to testify, the cost of bringing witnesses to trial, the enforceability of the judgment, and all other practical considerations that make a trial expeditious and inexpensive. *Ayco*, 862 F.3d at 950. Public interest factors include the local interest of the lawsuit, the district court's familiarity with the governing law, the burden on local courts and juries, the congestion of the court, and the costs of resolving a dispute unrelated to the forum. *Id.*

Here, Defendant does not identify the public and private interests in this case. ECF Nos. 9, 13. Plaintiff asserts the public and private interests do not favor transfer to Idaho where Defendant is an insurance company doing business in Washington and any witnesses associated with Flawless or Jackson are in Washington where Flawless resides in Washington and Jackson maintains a local branch in eastern Washington that was the contracting branch for the Project. ECF No. 12 at 10-11. Defendant further asserts that neither party is located in Idaho and Washington has an interest in interpreting insurance contracts issued in Washington. *Id.* at 11.

These private and public interest factors weigh strongly in favor of keeping this action in this Court. Therefore, Defendant's alternative Motion to Transfer Venue is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss or Transfer Venue (ECF No. 9) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED October 28, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE ~ 8