UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>             Third-Party Plaintiff,<br><br>   v.<br><br>FLAWLESS WALLS LLC, a Washington Limited Liability Company, MICHAEL BRADLEY, an individual, JEREMY BOUCHEY, an individual, JAMIE GORE, an individual, PAUL CASSEL, an individual, KORTNEY CASSEL, an individual, DELMAR, LLC, a Washington limited liability company, JROTH, LLC, a Washington limited liability company, CASSEL UNLIMITED, LLC, a Washington limited liability company,<br><br>             Third-Party Defendants. | NO. 2:22-CV-0178-TOR<br><br>ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Third-Party Plaintiff's Motion for Summary

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

1  Judgment (ECF No. 68). This matter was submitted for consideration without oral

2  argument. The Court has reviewed the record and files herein and is fully

3  informed. For the reasons discussed below, Third-Party Plaintiff's Motion for

4  Summary Judgment (ECF No. 68) is DENIED.

## BACKGROUND

6  This case involves indemnification of Third-Party Plaintiff Traveler's

7  Casualty and Surety Company ("Travelers") for settlement with Jackson

8  Contractor Group, Inc. ("Jackson") on behalf of Flawless Walls, Inc ("Flawless").

9  Third-Party Plaintiff Travelers, Defendant in the underlying lawsuit, is a

10  Connecticut corporation licensed for insurance in Washington State. ECF No. 17

11  at 2, ¶ 2. Third-Party Defendant Flawless is a Washington limited liability

12  company, Defendant Cassel Unlimited, LLC is a Washington limited liability

13  company, Defendant Delmer, LLC, is a Washington limited liability company,

14  Defendant JROTH, LLC is a Washington limited liability company, and each of

15  the named individual defendants are Washington State citizens. ECF No. 73 at 2–

16  3, ¶¶ 1–11. The Court has jurisdiction under 28 U.S.C. § 1332(a), as there is

17  complete diversity between Travelers and all Third-Party Defendants, and the

18  amount in controversy exceeds $75,000.

19  On February 9, 2021, Flawless entered in a subcontract with Jackson to

20  perform work on Schweitzer Mountain Hotel and Resort. ECF No. 1 at 3, ¶ 6. On

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ~ 2

February 25, 2021, pursuant to the agreement, Flawless obtained a Payment Bond and a Performance Bond from Travelers to cover payment and performance of the subcontract work for Jackson in the amount of $618,187. ECF No. 69 at 3, ¶ 2. In relevant part the surety bond provided that:

> [T]he condition of this obligation is such that if the Principal shall perform the Construction Work to be done under the Subcontract, then this obligation shall be null and void; otherwise to remain in full force and effect. The Surety's obligation hereunder shall not arise unless Principal is in default under the Subcontract for failing to perform the Construction Work, and has been declared by the Obligee to be in default under the Subcontract for failing to perform the Construction Work; and the Obligee has performed its obligations under the Subcontract.

ECF No. 40-1 at 2.

As a condition for surety, Third-Party Defendants were required to enter into an indemnity agreement, in which they would "exonerate, indemnify and save [Travelers] harmless from and against all Loss . . . Amounts due to [Travelers] shall be payable on demand." *Id*. at 3, ¶ 3. The agreement also contained a clause regarding the settlement of claims:

> Company shall have the right, in its sole discretion, to determine for itself, and Indemnitor whether any claim, demand or suit brought against Company or any Indemnitor in connection with or relating to any Bond shall be paid, compromised, settled, tried, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors. Company shall be entitled to immediate reimbursement for any and all Loss incurred under the belief it was necessary or expedient to make such payments.

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

ECF No. 70-2 at 1–2, ¶ 4.

On May 11, 2021, Jackson provided Flawless with a Notice of Supplementation of work due to what it characterized as Flawless' inability to meet the agreed upon schedule. ECF No. 1 at 4, ¶ 13. However, Flawless maintains that any failure to meet deadlines was due to Jackson's mismanagement and changing of construction plans. ECF No. 42 at 4–5, ¶¶ 7, 8. On or about August 26, 2021, the contractual agreement between Flawless and Jackson ceased to exist. Within filings pursuant the underlying lawsuit, Jackson asserted that Flawless gave notice that it was going out of business and ceased all work on the Subcontract project. ECF No. 1 at 5, ¶ 16. Flawless asserts that the subcontract was mutually dissolved on August 13, 2021, with the expectation that Flawless would complete select remaining projects and the subcontract would be extinguished. ECF No. 42 at 5, ¶ 7. Specifically, according to Defendants, the renegotiated contract was mutually beneficial as the working relationship with Jackson had broken down. ECF No. 78-1 at 5. As a condition for this agreement, Flawless would not receive payment for the work completed pursuant to the August 2021 payment application. ECF No. 42 at 6, ¶ 8.

On March 25, 2022, Jackson sent a demand for payment under the performance bond to Travelers, claiming losses in the amount of $753.154.40, which Travelers denied. ECF Nos. 69 at 4, ¶ 6, 40-4 at 2–9. The underlying

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

1 lawsuit commenced on July 26, 2022. ECF No. 1. On December 16, 2022,
2 Jackson brought a motion for partial summary judgment. ECF No. 26. The Parties
3 notified the Court on February 21, 2023, that Travelers reached a settlement with
4 Jackson for $325,000 in exchange for full release of the bonds, before a decision
5 was rendered on the motion for summary judgment. ECF No. 70-3 at 2, ¶ 2. The
6 settlement agreement, dated May 2, 2023, also contained a provision that released
7 any claims Flawless may raise in connection with the action, including the
8 underlying subcontract with Jackson. *Id*. at ¶ 4.

9      In the interim, Travelers asserted a third-party complaint against Defendants
10 to indemnify it for the loss incurred settling the bond with Jackson, plus attorney's
11 fees and related costs. ECF Nos. 60, 73. As it relates to this third-party action, the
12 parties generally disagree as to whether Travelers was exposed to liability under
13 the surety agreement. Defendants assert that Flawless performed under the
14 subcontract, and that Travelers had agreed that Jackson's claim lacked merit under
15 the performance bond. ECF No. 75 at 7. Travelers asserts that its settlement with
16 Jackson was within the bounds of the indemnity agreement and "necessary and
17 expedient to resolve [Jackson's] claim." ECF No. 69 at 5, ¶ 10.

18      Travelers filed this motion for summary judgment on November 2, 2023,
19 arguing that no issue of material fact remains because the language of the
20 agreement is clear in granting Travelers the ability to settle all claims it deems

necessary or expedient per the indemnity clause. ECF No. 68 at 7. Flawless responded, arguing in part that Travelers breached its duty of good faith and fair dealing in the settling of the underlying lawsuit, as evidence existed on the record that Jackson's claims had no merit, and therefore it was not "necessary or expedient" to settle the claim. ECF No. 75 at 6–7.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier-of-fact] could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id*. at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that the trier-of-fact could

find in favor of the non-moving party. *Id*. "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading but must set forth specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks omitted); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288-89 (1968) (holding that a party is only entitled to proceed to trial if it presents sufficient, probative evidence supporting the claimed factual dispute, rather than resting on mere allegations). In ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which would be admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

## II. Claim for Breach of Contract

"Indemnity agreements are interpreted like any other contracts." *Scott Galvanizing, Inc. v. Nw. EnviroServices, Inc.*, 120 Wash. 2d 573, 580 (1993) (citing *Jones v. Strom Constr. Co.*, 84 Wash. 2d 518, 520 (1974)). Under the Erie Doctrine, a federal court sitting in diversity applies federal procedural law and the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, the indemnity agreement contained a jurisdiction provision providing that action may be brought "in any state in which any Indemnitor

resides, has property, or in which any Contract is performed." ECF No. 70-2 at 3, ¶ 14.  Each of the third-party defendants are citizens of the state of Washington.  Further, the contract was executed in Washington.  *Id*. at 3–9.  Therefore, the Court applies Washington law.

To prove a breach of contract claim, a party must establish three elements: (1) the existence of a valid contract; (2) a breach of a duty imposed by that contract; and (3) damages resulting from that breach.  *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.,* 78 Wash. App. 707, 712 (1995).  Travelers asserts that it exercised its right under the indemnity agreement to resolve Jackson's claims and is owed the amount paid in the settlement.  ECF No. 68 at 7.  Defendants do not dispute the existence of the indemnity agreement, nor that it was breached.  Instead, Defendants argue that in settling the underlying claim, Travelers violated its duty of good faith and fair dealing, which Washington law recognizes under every contract.  *Colorado Structures, Inc. v. Ins. Co. of the W*., 161 Wash. 2d 577, 588 (2007); *Bond Safeguard Ins. Co. v. Wisteria Corp*., 173 Wash. App. 1026 (2013); *Frank Coluccio Const. Co. v. King Cnty.,* 136 Wash. App. 751, 764 (2007).  This covenant requires parties to "cooperate with each other so that each may obtain the full benefit of performance." *Badgett v. Sec. State Bank*, 116 Wash. 2d 563, 569 (1991) (internal citations omitted).  The duty of good faith arises when the contract in question gives one party discretionary authority to

determine a term therein. *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wash. App. 732, 738 (1997). According to Defendants, Travelers did not negotiate the settlement with Jackson in good faith because the underlying claim lacked merit, and therefore they are relieved from indemnifying Travelers. ECF No. 75 at 6.

As a preliminary matter, Defendants accuse Travelers of failing to submit an "'itemized, sworn statement' or other admissible evidence sufficient to satisfy paragraph three of the indemnification statement." ECF No. 75 at 9. The provision in the indemnification agreement requires that "[a]n itemized, sworn statement by an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitor's liability." ECF No. 70 at 1, ¶ 3. Travelers proof of settlement agreement and declaration of Patrick G. Toulouse serve as satisfaction for this requirement of the indemnification agreement. ECF Nos. 70, 70-3.

Defendants offer evidence that they opposed settlement and argue that Traveler's choice to settle after previously furthering an argument that Jackson's claim had no merit is a demonstration of bad faith. ECF No. 77 at 5, ¶ 3(e). Defendants assert that Flawless "fully and properly completed its work under the agreement between Jackson Contractor and Flawless Walls." ECF No. 76 at 4. In position letters sent to Travelers, Defendants assert that "Jackson Contractor Failed

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

to Satisfy the Conditions Precedent to Maintaining any Claim or Action Against the Bond" and "Flawless Walls Performed the Construction Work Such that any Obligation of Travelers under the Bond is Now Null and Void," and were within the bounds of the subcontract, therefore the surety agreement would not be triggered. ECF Nos. 78-1 at 6–7; 78-2 at 3. At all times they maintained that Jackson's claim against the performance bond was improper because "Flawless Walls performed the work under the parties' agreement . . . Flawless Walls performed the construction work under the parties' contract and, as a result, any obligation of Travelers under the performance bond is null and void." ECF 78-2 at 3. They also request the Court stay its order on the present motion to extend their discovery window to determine whether payment to Jackson was "necessary OR expedient." *Id*. at 13.

This matter is similar to *Bond Safeguard Insurance Co. v. Wisteria Corp.*, 173 Wash. App. 1026 (2013), but presents an important distinction. Initially, both Wisteria, a logging company, and its bond provider, Bond Safeguard Insurance Co., refused to pay the Department of Natural Resources ("DNR") after it alleged the logging company breached conditions of its contract to cut and remove trees. 173 Wash. App. 1026 at *2. Before a lawsuit was filed, the surety provider settled the claim with DNR pursuant to the indemnity clause:

> The Company shall have the exclusive right to determine for itself and the Indemnitors whether any claim or suit brought against the Company

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

> or the Principal upon any such bond shall be settled or defended, and its decision shall be binding and conclusive upon the Indemnitors.

*Id*. at *1.

The bond provider then sued Wisteria for indemnification of the payment to DNR, and in response, the logging company argued that it was exempt for payment because the bond provider had breached it duty of good faith by not properly investigating the defenses set forth before settling. *Id*. at *2. The court rejected the logging company's argument, even in the face of its contention that DNR's claim was meritless, because it determined that the bond provider was within its right to settle pursuant to the contract. *Id*. at *3. The Court arrived at this conclusion in part because Wisteria provided no evidence of its compliance with the contract, and as such could not prove it would have fared better without the settlement. *Id*. at *4. The Court found that, given the information provided, the bond provider properly investigated and settled the claim before a lawsuit could be filed, and therefore was within its right to seek indemnification. *Id*.

Like in *Bond Safeguard Insurance Co.,* Travelers examined the evidence and made a business decision to settle. In this case, Travelers benefitted from a more in-depth investigation than that of *Bond Safeguard Co*., because Travelers had the opportunity to review Defendants' position as part of the underlying lawsuit. However, after reviewing the evidence, Travelers chose to litigate this

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

matter, rather than settling initially, and defended Flawless in response to Jackson's Motion for Summary Judgment, taking the position that it had performed its duty under the subcontract. ECF No. 37 at 7–8. Travelers placed the blame on Jackson for creating delays in the project and pointed to the fact that Jackson never declared Flawless in default or sought to terminate the subcontract for cause, both conditions precedent to accessing the performance bond. *Id*. at 8, 17; *see also* ECF No. 17 at 6–7, ¶ 23 ("On information and belief, Flawless completed its Subcontract performance as modified."); ECF No. 37 at 3 ("Flawless encountered issues with the Project, namely due to numerous design issues leading to hundreds of Requests for Information ("RFIs") to the Architect, responsive Architect's Supplemental Instructions ("ASIs"), and ensuing change orders."); *Id*. at 4 ("Since there is genuine issue of material fact as to Flawless' performance under the Subcontract and the scope of that Subcontract, this [motion for summary judgment] should be denied"). Unlike Wisteria in *Bond Safeguard Ins. Co.*, Flawless has produced evidence, including statements of position Flawless provided to Travelers that describe a rocky and tenuous working relationship with Jackson, in which Flawless still managed to substantially perform, which raise questions of material fact as to whether it would have fared better without the settlement. *See generally* ECF Nos. 78-1, 78-2; *Bond Safeguard Ins. Co.,* 173 Wash. App. at *4. Additionally, Flawless provided an email exchange with

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

Jackson disputing the costs Jackson demanded under the Notice of Supplementation. ECF No. 42-1. Third-Party Plaintiff Travelers adopted and relied on many of these arguments both in its initial correspondence denying Jackson's claim and in its Cross Motion for Summary Judgment in the underlying suit. *See generally* ECF Nos. 37, 40-3, 40-4, 40-5.

The indemnification agreement gives Travelers sole discretion "under the belief it was necessary or expedient" to settle claims for itself and Defendants. ECF No. 70-2 at 1–2, ¶ 4. While Defendants would read ambiguity into this provision, the Court declines to do so, as this specific line had been upheld by courts in other jurisdictions. *Travelers Cas. & Sur. Co. of Am. v. Highland P'ship, Inc.*, No. 10CV2503 AJB DHB, 2012 WL 5928139, at *7 (S.D. Cal. Nov. 26, 2012); *Travelers Cas. & Sur. Co. of Am. v. Dunmore*, No. CIV S-07-2493LKK/DAD, 2009 WL 1586936, at *2 (E.D. Cal. June 5, 2009). However, the Court does find that questions of fact still remain as to whether Travelers breached a duty of good faith to Defendants in settling the underlying lawsuit with Jackson. In interpreting Washington contract law, the Ninth Circuit has determined that "[g]ood faith limits the authority of a party retaining discretion to interpret contract terms; it does not provide a blank check for that party to define terms however it chooses." *Scribner v. Worldcom, Inc.*, 249 F.3d 902, 910 (9th Cir.2001).

Travelers relies extensively on *Dunmore* and *Highland Partnership*, in

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

support of its contention that the explicit term of the indemnification provision gives it the sole discretion to settle claims, and that the Court cannot find a breach of good faith because to do so would upset the terms of contract. ECF 80 at 5–6; *See Highland P'ship, Inc.*, No. 10 CV2503 AJB DHB, 2012 WL 5928139, at *6 (internal citation omitted) ("[T]he implied covenant [of good faith] will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself."). These cases are based on California contract law and are thus persuasive but not binding on the Court. The Court in *Highland Partnership* declined to find a breach of the duty of good faith because it determined that all parties were sophisticated business entities and finding bad faith in the settlement of a claim would rewrite the terms of the indemnification contract. No. 10CV2503 AJB DHB, 2012 WL 5928139, at *7. However, in making this finding, the court drew attention to the limiting factor of the same indemnification provision at issue here; namely that Travelers has the sole discretion to settle claims in ways it finds to be expedient *or* necessary. *Id.* (emphasis added). In considering all facts in the light most favorable to Defendants, the Court cannot determine if Travelers, in good faith, made a "necessary or expedient," settlement given Traveler's position regarding Flawless in its initial dealing with Jackson.

While the indemnification agreement here gives Travelers sole discretion to

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

settle claims, contract law requires that both parties receive the benefit of the indemnification agreement within the surety.  Evidence provided by both parties indicates that Travelers believed that Flawless upheld, at least to some extent, its end of the bargain in performing under the subcontract.  *See* ECF No. 17 at 6–7, ¶ 23; *see generally* ECF No. 37 at 8–10 ("Flawless therefore had an opportunity to cure to the extent it was in default, curing any default by August of 2021 when the work was complete.") ("Further, after Flawless and Jackson performed their work, there was no work left to perform under the subcontract.").  *See Edmonson v. Popchoi*, 172 Wash. 2d 272, 280 (2011) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205 cmt. a (1981)) ("The duty of good faith requires 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'").  Statements made by Travelers demonstrate that it believed Flawless to have performed under the subcontract.  ECF No. 37 at 8 ("Further, any delay was not Flawless' fault, rather it was caused by numerous design changes.").

Thus, as it stands the Court cannot definitively say if the settlement for $325,000 was done in good faith such that each party receives the "full benefit of performance." *Bagett*, 116 Wash.2d at 569.  The terms of the surety agreement were only triggered if Flawless failed to perform the work under the subcontract, or if it was found in default for failure to perform.  ECF No. 40-1 at 2.  Defendants

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

have raised a question of material fact as to whether they upheld their end of the surety agreement relating to the subcontract, and thus have been denied the full benefit of that contract with Travelers. *See Rekhter v. State, Dep't of Soc. & Health Servs.,* 180 Wash. 2d 102, 113 (2014) (finding that the duty of good faith only attaches to express terms of a contract). Given the discretionary power that Travelers had over the settlement of the claim and the question of fact remaining as to whether conditions of the surety agreement were triggered, summary judgment is not proper. ECF No. 70-3 at 2, ¶ 4.

The Court notes that the window for discovery in this matter closes on May 13, 2024, and Third-Party Defendants are free to seek additional materials provided they adhere to the rules therein. ECF No. 67 at 3.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Third-Party Plaintiff's Motion for Summary Judgment (ECF No. 68) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED January 5, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16