UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>FLAWLESS WALLS LLC, a Washington limited liability company, MICHAEL BRADLEY, an individual, JEREMY BOUCHEY, an individual, JAMIE GORE, an individual, PAUL CASSEL, an individual, KORTNEY CASSEL, an individual, DELMAR, LLC, a Washington limited liability company, JROTH, LLC, a Washington limited liability company, CASSEL UNLIMITED, LLC, a Washington limited liability company,<br><br>　　　　Third-Party Defendants. | CASE NO: 2:22-CV-0178-TOR<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 1

The Court held a bench trial from August 15-16, 2024. Thomas A. Larkin and David John Guild, II appeared on behalf of Travelers Casualty and Surety Company of America. Max K. Archer, Michael B. Love, and Sawyer R. Margett appeared on behalf of third-party Defendants Jeremy Bouchey, Jamie Gore, Delmar, LLC, and JRoth, LLC. Scott M. Morse and Benjamin McDonnell appeared on behalf of Paul Cassel, Kourtney Cassel, Cassel Unlimited, LLC, and Flawless Walls, LLC.

Pending before the Court is Travelers Motion for Entry of Default Against Michael Bradley, ECF No. 110, Michael Bradley's Motions to Dismiss Motion for Entry of Default, ECF Nos. 117 and 128.

The Court has reviewed the briefing and the record and files herein, considered the evidence and the parties' arguments, and is fully informed. Pursuant to Federal Rule of Civil Procedure 52(a), below are the Court's Findings of Fact and Conclusions of Law. To the extent a finding of fact or conclusion of law is deemed the opposite, the label the Court places on the finding does not control.

## BACKGROUND

This is a breach of contract action where Travelers seeks indemnification from Third-Party Defendants for alleged loss it incurred in posting a performance bond on Flawless Walls, LLC's ("Flawless") behalf and in pursuing indemnification

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 2

from Third-Party Defendants. The action also involves questions of whether Travelers acted in accordance with its duty of good faith and fair dealing.

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between Travelers and all Third-Party Defendants, and the amount in controversy exceeds $75,000. This Court has personal jurisdiction over the Third-Party Defendants.

The following facts are agreed upon by the parties and require no proof:

1. Flawless entered in a subcontract with Jackson Contractor Group, Inc. to perform work on the New Schweitzer Mountain Hotel and Resort (the "Project").

2. By letter dated February 14, 2022, Jackson made a demand to Travelers, as surety, in the amount of $787,865.11.

3. By letter dated in March 2022, Jackson made a demand to Flawless for payment in the amount of $787,865.11.

4. On March 25, 2022, Jackson sent a letter with some additional information. Travelers then denied Jackson's claim.

5. On May 11, 2022, Jackson sent a supplemental letter to Travelers. Travelers, once again, denied Jackson's claim.

6. On July 26, 2022, Jackson filed suit against Travelers.

7. On November 10, 2022, Travelers filed a Third-Party Complaint against Flawless. Travelers later amended the Third-Party Complaint to include the other

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 3

Third-Party Defendants on November 23, 2022 and amended and supplemented the Third-Party Complaint on June 20, 2023.

8. On December 16, 2022, Jackson filed a motion for partial summary judgment.

9. Travelers opposed Jackson's motion for partial summary judgment, ECF No. 26.

10. In May 2023, Travelers and Jackson executed a settlement agreement providing for a payment from Travelers to Jackson in the amount of $325,000.

11. The Third-Party Defendants have not paid amounts Travelers seeks.

A bench trial was held from August 15 to August 16, 2024. The Court heard testimony from the following witnesses: Patrick Toulouse, Wayne Lambert, Mike Bradley, Paul Cassel, Peter Haley, and the video deposition of Brian Beck. The Court also admitted into evidence exhibits and the video deposition.

Having considered all the foregoing evidence, the Court now issues the following Findings of Fact and Conclusions of Law.

## DISCUSSION

### I. FINDINGS OF FACT

The remaining findings of fact are based on evidence presented at trial. Each finding that is not stipulated to is based on a preponderance of the evidence standard, unless otherwise stated.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 4

1. In February 2021, Flawless Walls, LLC entered into a subcontract agreement with Jackson Contractor Group, Inc. to perform rough carpentry work on the New Schweitzer Mountain Hotel and Resort near Sandpoint, Idaho. Ex. 2. The amount of the subcontract was $618,897.

2. Flawless was required by Jackson to obtain a Performance Bond and Payment Bond which it did from Travelers Casualty and Surety Company of America. Ex. 3. The bonds were in the amount of $618,897.

3. Jeremy Bouchey, Jamie Gore, Delmar, LLC, JRoth, LLC, Paul Cassel, Kourtney Cassel, Cassel Unlimited, LLC, and Flawless Walls, LLC all signed a General Agreement of Indemnity which provided that these people and entities were liable to Travelers if Travelers had to pay out on the bonds to Jackson. Ex. 16. The Indemnitors are jointly and severally liable for any loss. *Id*. at ¶ 7.

4. Problems arose on the project which required Jackson to supplement Flawless' work. Specifically, Brian Beck testified that Flawless did not complete the subcontract and indicated to Jackson that they were going out of business. Flawless left the job site in August of 2021. Jackson asserts it undertook $1.23 million in damages correcting and completing Flawless's work.

//

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 5

5. Flawless contends that they finished the job (100%) and Jackson agreed they could leave.  There is no written document that substantiates this allegation. Flawless claims there was an "accord and satisfaction" but nothing supports that claim. There is no proof that Flawless completed the entire subcontract. Flawless filled out their last bill to Jackson and Flawless claimed they were 100% complete per the alleged terms of the unwritten subcontract.  Jackson did not agree with that representation.

6. On December 8, 2021, Jackson provided Flawless (through Mike Bradley) with notice that it had not completed its work and claimed $787,865.11 to finish the work agreed upon in the subcontract.  Ex. 515.

7. Jackson never received the Performance Bond from Flawless.  Instead, it had to ask for it from Travelers and received a copy on February 24, 2022.  Ex. 520.

8. Litigation began and the parties participated in a full day of mediation.

9. On May 5, 2023, Travelers and Jackson executed a settlement agreement providing for a payment from Travelers to Jackson in the amount of $325,000 to resolve Jackson's claim.  Ex. 17.  Jackson was then paid. Ex.18.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 6

10. Flawless claimed that it objected to the settlement by Travelers, yet in mediation Flawless offered Jackson their equipment to settle the dispute. Ex. 4 at 3 (cost value of equipment $474,923). Jackson refused that offer.

11. Because Flawless offered such a settlement, the Court finds that Travelers did not breach the covenant of good faith and fair dealing. Travelers performed the contract in good faith and settled Jackson's legitimate claim, concluding it was necessary and expedient to do so, so that attorney fees and costs would not increase. Jackson had a valid claim against Flawless for work not done.

12. The Court finds that Flawless did not complete its work as it contracted, said it was going out of business to Jackson, and left the job site in August of 2021. Neither Jackson nor Flawless signed an accord and satisfaction. The Contract between Jackson and Flawless required that any waiver be in writing and signed by both parties. Ex. 500 at p. 12 (section U. 1.). Jackson did not agree that Flawless had completed its work under the contract.

13. Because Flawless left the job site, Jackson had to complete the work that Flawless agreed to accomplish under the contract.

14. Jackson's notice to Flawless was necessarily in compliance with the Performance Bond. However, Jackson did not have the Performance Bond in order to comply with its terms until February 24, 2022. In any event, on

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 7

December 8, 2021, Jackson gave notice to Flawless (through Mike Bradley) that it had not completed its work and claimed $787,865.11 to finish the work. Ex. 515.

15. Travelers faced significant exposure if the litigation proceeded, not only for the substantive claim, but for attorneys' fees and costs, as well.

16. Because of the amount at issue, Travelers mitigated the damages by settling with Jackson for $325,000 and no costs or attorney fees were added.

17. Travelers had no duty or obligation to tender the defense to Flawless, especially considering its financial condition and representation that it was going out of business.

## II.     CONCLUSIONS OF LAW

This Court has original jurisdiction of this lawsuit under 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.  Breach of Indemnity Agreement

A plaintiff in a contract action must prove a valid contract between the parties, a breach, and resulting damages. *Lehrer v. State, Dept. of Social and health Services*, 101 Wash. App. 509, 516 (2000). Here, Plaintiff has proven a valid contract, Defendants have breached that contract, and Plaintiff has suffered damages.

### B. Breach of the Covenant of Good Faith and Fair Dealing

The "implied duty of good faith and fair dealing" in every contract "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Badgett v. Security State Bank*, 116 Wash.2d 563, 569 (1991). Here, Plaintiff did not violate the implied duty of good faith and fair dealing. Plaintiff settled the legitimate claim of Jackson. Accordingly, Plaintiff is entitled to its damages from Defendants.

### C. Mitigation of Damages

Plaintiff mitigated its damages by negotiating with Jackson Contractor Group and by paying less than half of what Jackson was demanding. Given the facts of this case, Plaintiff Travelers mitigated the damages.

### D. Damages

At this time, Plaintiff has shown its damages to be $325,000 to settle the claim with Jackson Contractor Group. Also, according to the Performance Bond, Plaintiff is entitled to costs, attorneys fees and interest. Ex. 501.

### III. DEFAULT JUDGMENT MOTIONS

Travelers is entitled to default judgment against Defendant Michael Bradley. Michael Bradley never filed an answer to the Third-Party Complaint nor otherwise defended himself in this lawsuit and only appeared as a witness in the bench trial. Travelers is therefor entitled to default judgment against Michael Bradley. Fed. R.

Civ. P. Rule 55.

Even if that were not the case, Travelers has shown that it is entitled to judgment in its favor and Michael Bradley is jointly and severally liable for that judgment with his co-defendants.

## CONCLUSION

Based on the findings of fact and conclusion of law, the Court finds Plaintiff has proven its case and no defenses exist.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. A Judgment in favor of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA's on the contract claim will be entered. Plaintiff is entitled to damages in an amount of $325,000 against Defendants FLAWLESS WALLS LLC, MICHAEL BRADLEY, JEREMY BOUCHEY, JAMIE GORE, PAUL CASSEL, KORTNEY CASSEL, DELMAR, LLC, JROTH, LLC, and CASSEL UNLIMITED, LLC, jointly and severally.

2. Travelers must timely file a motion and substantiate its claim to attorney fees and costs according to Federal Rule of Civil Procedure 54.

3. Travelers Motion for Entry of Default Against Michael Bradley, ECF No. 110, is **GRANTED**.

4. Michael Bradley's Motions to Dismiss Motion for Entry of Default, ECF Nos. 117 and 128, are **DENIED**.

**IT IS SO ORDERED.**  The District Court Clerk is directed to enter this Order and provide copies to the parties.  Final Judgment will be entered after the Court rules on attorney fees and costs.

DATED October 9, 2024.



THOMAS O. RICE
United States District Judge

FINDINGS OF FACT AND CONCLUSIONS OF LAW ~ 11